UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAN-TAO LI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JIE SUO, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-05055-AMO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

Defendant Roger Anderson, Trustee of the RWA Trust Dated March 14, 2014 ("Anderson") moves to dismiss Plaintiff Yan-Tao Li's amended complaint for failure to state a claim. ECF 10. Anderson's motion is fully briefed and suitable for decision without oral argument. Accordingly, the May 15, 2025 hearing is hereby **VACATED**. *See* Civ. L.R. 7-6. Having read the parties' papers and carefully considered the arguments therein, as well as the relevant legal authority, the Court hereby **GRANTS** Anderson's motion for the following reasons.

I.   **BACKGROUND**

In 2016, Defendant Jie Suo helped Li – a resident of China – in the homebuying process, and with her assistance, he purchased a house at 2998 Alves Ranch Road in Pittsburg, California.[1] Amended Complaint ("Am. Compl.") (ECF 8) ¶¶ 14-17. Shortly thereafter, while Li was at the airport preparing to board his return flight to China, he signed a sign a power of attorney at Suo's instruction. Am. Compl. ¶¶ 1, 14-26. Unbeknownst to Li at the time, the power of attorney allowed Suo to take out loans in Li's name that were secured by Li's house. Am. Compl. ¶¶ 1, 14-

---

[1] These facts are drawn from the allegations in Li's amended complaint, which the Court accepts as true and construes in the light most favorable to Li. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

26. In particular, Li alleges Suo took out a $560,000 loan from Anderson, which was secured by a deed of trust against Li's house. Am. Compl. ¶ 36. This loan was used to pay off a previous loan in the amount of $400,000, which Suo had taken out against the house on Li's behalf. Am. Compl. ¶ 36. The power of attorney Li signed appointed Suo as his agent and attorney-in-fact, but Li believed he was signing a document that would only authorize Suo to set up utilities for the house. Am. Compl. ¶¶ 17-21. Upon learning of the $560,000 loan, and at the advice of an attorney, Li made a $28,000 payment to cover monthly interest, in an attempt to avoid losing his house to foreclosure. Am. Compl. ¶ 49.

On August 12, 2024, Li filed a complaint and ex parte motion for a temporary restraining order and preliminary injunction ("TRO motion"). ECF 1, 2-1. On August 13, 2024, Li filed an amended complaint. ECF 8. On August 14, 2024, Anderson filed an opposition to Li's TRO motion.[2] ECF 7. On August 15, 2024, the Court denied Li's TRO motion because Li failed to allege that Defendants acquired title absent good faith, and consequently, the Court found he was unlikely to succeed on the merits. ECF 9. On October 4, 2024, Anderson filed a motion to dismiss Li's amended complaint. ECF 10. On November 27, 2024, the Court issued an order to show cause why Anderson's motion should not be granted as unopposed, as Li had not filed an opposition, which was due October 18, 2024. ECF 15. On December 20, 2024, Li filed a response to the show cause order (ECF 16)[3] and an opposition to Anderson's motion to dismiss

---

[2] At the time of filing the opposition, Anderson had not been served, but Anderson's counsel had independently discovered the existence of this action. *See* ECF 7 at 2. The Court instructed Li both in its August 12, 2024 order setting a briefing schedule (ECF 5) and during the hearing on his TRO motion (ECF 9) to serve Defendants and file a certificate of service on the docket. Despite representing at the hearing that he would do so, as of the date of this Order, no certificate of service has been filed for any Defendant, nor has any summons been requested.

[3] Li's response explains that he mistakenly calculated his deadline pursuant to the California Code of Procedure and as a result believed his response to Anderson's motion to dismiss was due nine court days before the February 7, 2025 hearing. ECF 16. Anderson contends the Court should not consider Li's opposition because Li's response gives "no reasonable justification" for his failure to meet the deadline. Reply (ECF 18) at 2. Given the Court's preference for deciding motions on the merits whenever possible, *see Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), the Court will consider the arguments made in Li's opposition. However, the Court admonishes Li to ensure compliance with the relevant rules, and cautions that future missed deadlines may result in dismissal of the case for failure to prosecute.

1  (ECF 17).  On December 27, 2024, Anderson filed a reply in support of the motion to dismiss.
2  ECF 18.

## II.  DISCUSSION

Federal Rule of Civil Procedure 8 requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  To overcome a Rule 12(b)(6) motion to dismiss, the factual allegations in the plaintiff's complaint " 'must . . . suggest that the claim has at least a plausible chance of success.' "  *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (quoting *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1107 (9th Cir. 2013) (alterations in original)).  "[T]he non-conclusory 'factual content' and reasonable inferences from that content must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  Where a plaintiff "alleg[es] fraud or mistake," the complaint must "state with particularity the circumstances constituting fraud," Fed. R. Civ. P. 9(b), i.e., "[a]verments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged," *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  In ruling on a motion to dismiss, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  *Manzarek*, 519 F.3d at 1031 (citation omitted).  Though entitled to a generous reading of the complaint, a pro se plaintiff must still meet these pleading standards.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005); *Feathers v. SEC*, No. 22-cv-05756-JD, 2022 WL 17330840, at *1 (N.D. Cal. Nov. 29, 2022).

Drawing all reasonable inferences in Li's favor, the Court finds that Li's amended complaint fails to state a claim against Anderson for which he may be entitled to relief.  Because Li is self-represented, he need not plead specific legal theories so long as sufficient factual averments show Li may be entitled to some relief.  *Hearns*, 413 F.3d at 1041, 1043.  As the Court noted in the hearing on Li's TRO motion, Li has failed to allege that Anderson acquired title absent good faith.  *Kaneko v. Yager*, 120 Cal. App. 4th 970, 973 (2004) (Cal. Prob. Code § 4301

3

1  "provides immunity from liability" to third persons who rely in good faith on facially valid power
2  of attorney).  The amended complaint asserts that Anderson "colluded with" Suo and "chose to
3  transact" with her, despite "kn[owing] unequivocally that [Suo] had no power of attorney."  Am.
4  Compl. ¶¶ 13, 41.  However, the pleadings lack factual content from which the Court could
5  reasonably reach Li's conclusion as to Anderson's "collu[sion]," "cho[ice]," and "kn[owledge]."
6  In contrast to factual allegations, the Court need not accept as true any conclusory allegations.
7  *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("While legal conclusions can provide the complaint's
8  framework, they must be supported by factual allegations.").  Thus, Li has not stated a claim
9  against Anderson.  Nor has he stated what relief he seeks from the Court, and without such a
10 statement, the Court cannot find that Li has shown he may be entitled to relief.  Because of these
11 deficiencies, the amended complaint fails to meet Rule 8's pleading standards.
12     The amended complaint also fails to meet Federal Rule of Civil Procedure 9(b)'s
13 heightened pleading standard for allegations of fraud.  Although Li does not state any particular
14 cause of action, his allegations sound in fraud.  *See, e.g.*, Am. Compl. ¶ 21 (alleging Suo forged a
15 power of attorney and used it "without [Li's] knowledge or consent to give lenders, including
16 defendant [Anderson], trust deeds on [his] house"); ¶ 36 (Suo "colluded with [Anderson] who
17 willingly gave her $560,000").  "Rule 9(b) does not allow a complaint to . . . lump multiple
18 defendants together but require[s] plaintiffs to differentiate their allegations when suing more than
19 one defendant."  *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (citation and quotation
20 marks omitted).  That is, to state a claim against Anderson, Li must allege with particularity the
21 circumstances surrounding Anderson's alleged fraudulent conduct – not simply the alleged
22 fraudulent conduct of other Defendants.  Li's amended complaint lacks this specificity.  Indeed,
23 the amended complaint alleges very little as to Anderson at all.  The majority of allegations in the
24 amended complaint relate to Defendant Suo's alleged misconduct, *see* Am. Comp. ¶¶ 14-21, 31-
25 44, or that of nonparties Howard Hsu (who purportedly helped Suo, a non-English speaker,
26 complete the power of attorney documents), *see* Am. Compl. ¶¶ 45-48, and Loraine Anne Robbins
27 (notary public who purportedly colluded with Suo and Hsu), *see* Am. Compl. ¶¶ 22-30.  These
28 allegations fail to satisfy the pleading requirements of Rule 8, much less those of Rule 9(b).  Thus,

4

the amended complaint must be dismissed.

### III.   CONCLUSION

For the foregoing reasons, Anderson's motion to dismiss Li's amended complaint is **GRANTED**.  Courts dismissing a complaint for failure to state a claim should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2).  "[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted).  Because Li may be able to cure the deficiencies by amendment, the Court will dismiss **WITH LEAVE TO AMEND**, but cautions Li that repeated failure to cure the deficiencies identified in this Order will result in dismissal with prejudice. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (courts have discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Any amended complaint is due by **June 5, 2025**, and must contain a short and plain statement of each claim for relief Li asserts against Defendants, identify the legal authority and facts that support each claim, and state what relief he seeks from the Court.  Failure to file an amended complaint by June 5, 2025, will result in dismissal of this case.

In amending the complaint, Li is encouraged to contact the Federal Pro Case Bono Project's Help Desk – a free service for pro se litigants – by calling (415) 782-8982 to make an appointment to obtain legal assistance from a licensed attorney.  More information about the program is available online at the Court's website, https://www.cand.uscourts.gov/about/court-programs/legal-help-desks/.

**IT IS SO ORDERED.**

Dated: May 8, 2025

**A**RACELI **M**ARTÍNEZ-**O**LGUÍN
**United States District Judge**

5