UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAN-TAO LI,<br><br>             Plaintiff,<br><br>      v.<br><br>JIE SUO, et al.,<br><br>             Defendants. | Case No. 24-cv-05055-AMO<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 24 |

United States District Court
Northern District of California

This suit alleges that Defendants Roger Anderson, Trustee of the RWA Trust Dated March 14, 2014, FCI Lender, Inc., and California TD Specialists improperly relied on a void power of attorney when foreclosing on Plaintiff Yan-Tao Li's home.  Before the Court is Defendant Roger Anderson's, Trustee of the RWA Trust Dated March 14, 2014, ("Anderson") motion to dismiss Li's second amended complaint.  Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court **GRANTS** the motion to dismiss without leave to amend, for the following reasons.

## I.    BACKGROUND[1]

In 2016, Jie Suo helped Li – a resident of China – in the homebuying process, and with her assistance, Li purchased a house in Pittsburg, California.  Second Amended Complaint ("SAC") (Dkt. No. 23) ¶¶ 13-17.  Shortly thereafter, while Li was at the airport preparing to board his return flight to China, he signed a power of attorney at Suo's instruction.  *Id.* ¶¶ 17-19.  The power of attorney Li signed appointed Suo as his agent and attorney-in-fact, but Li believed he was

---

[1] These facts are drawn from the allegations in Li's second amended complaint, which the Court accepts as true and construes in the light most favorable to Li.  *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

United States District Court
Northern District of California

signing a document that would only authorize Suo to set up utilities, pay property taxes and other bills, and manage his house. *Id.* ¶¶ 17-20. Acting under the power of attorney, Suo took out a $560,000 loan ("Anderson Loan") from Anderson, which was secured by a deed of trust against Li's house. *Id.* ¶ 24. This loan was used to pay off a previous loan in the amount of $400,000, which Suo had taken out against the house on Li's behalf. *Id.* ¶¶ 21-24, 26. Upon learning of the Anderson Loan, and at the advice of an attorney, Li made payments to cover delinquent interest and penalties on the Anderson Loan, in an attempt to avoid losing his house to foreclosure. *Id.* ¶¶ 43-48. In February 2024, when the Anderson Loan came due, Li refused to pay it. *Id.* ¶ 54. In November 2024, Li's house was sold via foreclosure auction to a third party. *Id.* ¶ 59.

On August 12, 2024, Li filed a complaint and ex parte motion for a temporary restraining order and preliminary injunction ("TRO motion"). Dkt. Nos. 1, 2. On August 13, 2024, Li filed an amended complaint. Dkt. No. 8. On August 15, 2024, the Court denied Li's TRO motion because Li failed to allege that Defendants acquired title absent good faith, and consequently, the Court found he was unlikely to succeed on the merits. Dkt. No. 9.

On October 4, 2024, Anderson filed a motion to dismiss Li's amended complaint. Dkt. No. 10. On November 27, 2024, the Court issued an order to show cause why Anderson's motion should not be granted as unopposed, as Li had not filed an opposition, which was due October 18, 2024. Dkt. No. 15. On December 20, 2024, Li filed a response to the show cause order, Dkt. No. 16, and an opposition to Anderson's motion to dismiss, Dkt. No. 17. On December 27, 2024, Anderson filed a reply in support of the motion to dismiss. Dkt. No. 18. On May 8, 2025, the Court granted Anderson's motion to dismiss with leave to amend because "Li [] failed to allege that Anderson acquired title absent good faith." Dkt. No. 20 at 3. On June 5, 2025, Li filed a second amended complaint. Dkt. No. 21. On June 20, 2025, Anderson filed a motion to dismiss or alternatively for a more definite statement. Dkt. No. 24. On July 7, 2025, Li filed an opposition. Dkt. No. 25. On July 14, 2025, Anderson filed a reply in support of his motion to dismiss. Dkt. No. 26.

II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires a complaint to include "a short and plain

2

United States District Court
Northern District of California

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). To overcome a Rule 12(b)(6) motion to dismiss, the factual allegations in the plaintiff's complaint "'must . . . suggest that the claim has at least a plausible chance of success.'" *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (quoting *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1107 (9th Cir. 2013) (alterations in original)). "[T]he non-conclusory 'factual content' and reasonable inferences from that content must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Where a plaintiff "alleg[es] fraud or mistake," the complaint must "state with particularity the circumstances constituting fraud," Fed. R. Civ. P. 9(b), i.e., "[a]verments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged," *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). In ruling on a motion to dismiss, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek*, 519 F.3d at 1031 (citation omitted). Though entitled to a generous reading of the complaint, an unrepresented plaintiff must still meet these pleading standards. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *see also Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005); *Feathers v. SEC*, No. 22-cv-05756-JD, 2022 WL 17330840, at *1 (N.D. Cal. Nov. 29, 2022).

### III. DISCUSSION

Drawing all reasonable inferences in Li's favor, the Court finds that Li's amended complaint fails to state a claim against Anderson for which he may be entitled to relief. Li brings claims for (1) wrongful foreclosure, (2) cancellation of instruments, (3) slander of title, (4) declaratory relief, (5) violation of California Civil Code Sections 2923.5 and 2924, (6) fraud, (7) conversion, (8) unjust enrichment, and (9) respondeat superior. Anderson argues that Li fails to state a claim upon which relief can be granted because he fails to sufficiently allege (1) that Anderson was not acting in good faith when relying on the power of attorney Li granted Suo or (2) that the power of attorney was void. *See generally* Dkt. Nos. 24, 26. Each argument is discussed in turn.

**A. Good Faith**

California Probate Code Section 4303 "provides immunity from liability" to third persons who rely in good faith on a facially valid power of attorney. *Kaneko v. Yager*, 120 Cal. App. 4th 970, 973 (2004). In his complaint, Li asserts that Suo had to "offer a cut or share of loan proceeds to RWA's agents" to convince Anderson to extend a loan. SAC ¶ 24. He further states that "RWA's agents were aware of the suspicious circumstances" and that they pushed through the loan because they were "promise[d] a cut or share of the proceeds[.]" *Id.* ¶ 25. Li appears to contend that Anderson or his agents were not acting in good faith in relying on the power of attorney because they were bribed into extending a loan. *See id.* ¶¶ 79, 91. However, this averment is not supported by any factual content from which the Court could reasonably draw the inference that Anderson or his agents were bribed by Suo. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."). Thus, Li has not alleged sufficient facts to show that Anderson or his agents were bribed or otherwise failed to act in good faith in relying on the facially valid power of attorney. Li has therefore failed to meet his burden of showing that the immunity provision in California Probate Code Section 4303 does not apply to Anderson.

Moreover, because Li brings a specific claim for fraud against Anderson, and his allegations in general sound in fraud, *see, e.g.*, SAC ¶¶ 63, 67, 74-75, 77, his allegations are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *See* Vess, F.3d at 1103-1104. "Rule 9(b) does not allow a complaint to . . . lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant." *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (citation and quotation marks omitted). To state a claim against Anderson, Li must allege with particularity the circumstances surrounding Anderson's alleged fraudulent conduct – not simply the alleged fraudulent conduct of other Defendants or third parties. *See id.* Li's second amended complaint lacks this necessary specificity. Indeed, the second amended complaint continues to allege very little as to Anderson, besides that his agents were bribed by Suo into extending a loan. SAC ¶¶ 77, 79, 91. The

United States District Court
Northern District of California

4

majority of Li's allegations continue to relate to Suo's alleged misconduct.[2]  *See, e.g.,* SAC ¶¶ 17-24, 29-35.  Accordingly, the second amended complaint also fails to meet Federal Rule of Civil Procedure 9(b)'s heightened pleading standard for allegations sounding in fraud.

## B. Void Power of Attorney

Anderson further seeks dismissal because Li has not adequately alleged the power of attorney he granted to Suo was void.  Dkt. No. 24 at 9; Dkt. No. 26 at 5.  Li argues that because the power of attorney was void, any transactions stemming from the power of attorney are void as well.  *See Trout v. Taylor*, 220 Cal. 652, 656 (1934) ("Numerous authorities have established the rule that an instrument wholly void, such as an undelivered deed, a forged instrument, or a deed in blank, cannot be made the foundation of a good title, even under the equitable doctrine of *bona fide* purchase").

Li argues that Suo's power of attorney is void because, when signing the power of attorney, Li relied on Suo's assurance that the document granted Suo power to "set up utilities, pay property tax and other bills, [and] manage the [h]ouse."  SAC ¶ 17.  Li further asserts that he "does not speak or read English" but that "the document he saw and signed contained very little writings, and seemed consistent with [] Suo's representation that it was only to authorize her to set up utilities, pay taxes and bills, and manage the [h]ouse."  *Id.* ¶ 18.

Li compares his case to *Rosenthal v. Great Western Financial Securities Corporation*, where the California Supreme Court held that a plaintiff had adequately alleged a contract she signed was void.  *See* Dkt. No. 25 at 8; 14 Cal. 4th at 427-428.  In *Rosenthal*, 24 different plaintiffs sought to block enforcement of an arbitration provision contained in an investment account agreement each had signed.  *Id.* at 402-403.  The *Rosenthal* court found that most plaintiffs' contracts were not void and affirmed the principle that a party may not avoid enforcement of an agreement based on alleged fraud, except where the fraud was "so fundamental that they were deceived as to the basic character of the documents they signed" and deprived of "a reasonable opportunity to learn the character and essential terms of the documents they signed."

---

[2] The Court previously noted this deficiency in its order granting Anderson's motion to dismiss Li's first amended complaint.  *See* Dkt. No. 20 at 4.

United States District Court
Northern District of California

*Id.* at 426-28.

Notwithstanding that general holding, the *Rosenthal* court found that some plaintiffs had adequately alleged the contracts they signed were void. *Id.* at 427-430. Li argues his case is similar to that of plaintiff Greco in *Rosenthal*. Dkt. No. 25 at 8. Greco was not fluent in English, so she had a representative read the contract at issue aloud to her daughter in English, who then read the agreement to Greco in Italian. *Id.* at 427. Though there was an arbitration clause in the agreement, the representative never mentioned arbitration. *Id.* The representative assured Greco that the contract contained only what he had read aloud and urged her "you just need to sign." *Id.*

*Rosenthal* is inapplicable here. Li does not claim Suo read the contract to him at all, much less in its entirety. And unlike Greco, who was unaware she was signing an arbitration agreement, Li knew he was signing a power of attorney, but he believed it was more limited than it was. SAC ¶ 17. It is generally unreasonable "to neglect to read a written agreement before signing it." *Rosenthal*, 14 Cal.4th at 424. The Court finds that Suo has not alleged facts sufficient to overcome this established principle. *See id.* (holding that plaintiffs who "produced evidence of limited facility with English" did not show facts sufficient to make their reliance on representations reasonable where plaintiffs did not read the contract at issue). Thus, Li has not adequately alleged that the power of attorney he granted Suo was void.

Because Li has not sufficiently alleged either that (1) Anderson acted in bad faith in relying upon the power of attorney or (2) that the power of attorney was void, he has failed to plausibly allege that Anderson is liable for any of the claims brought against him.

**C.  Leave to Amend.**

Finally, Anderson argues that Li's complaint should be dismissed without leave to amend. Courts dismissing a complaint for failure to state a claim should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted). Li has now amended his complaint twice, and each time, he has failed to state "a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Since the Court's

United States District Court
Northern District of California

August 15, 2024 order denying Anderson's motion for a temporary restraining order, Dkt. No. 9, Li has been aware that failing to plead facts showing Anderson lacked good faith left his complaint deficient, but he has nonetheless failed to allege such facts. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding leave to amend may be denied if there is "repeated failure to cure deficiencies by amendments previously allowed"). Additionally, Li conceded that his "claims are not based on Anderson's breaching of contract or wrongdoing." Dkt. No 25 at 6. Further, Li admits that he knew the document he signed was a power of attorney and that he could not read it. SAC ¶¶ 17-22. Li's argument that the power of attorney is void therefore fails as a matter of law, as his reliance on Suo's assurances was unreasonable. *See, e.g. Rosenthal*, 14 Cal.4th at 423-24 ("one party's *unreasonable* reliance on the other's misrepresentations resulting in a failure to read a written agreement before signing it, is an insufficient basis . . . for permitting that party to avoid an . . . agreement") (emphasis in original). Because Li has failed to state a claim after multiple attempts to amend his complaint, further amendment would be futile. *See Foman*, 371 U.S. at 182 (holding leave to amend may be denied due to "futility of amendment"). The Court therefore finds that Li is not entitled to leave to amend.

## IV.    CONCLUSION

For the reasons stated above, Anderson's motion to dismiss is **GRANTED** without leave to amend.

The remaining parties, Plaintiff Yan-Tao Li and Defendants FCI Lender Inc. and California TD Specialists, **SHALL** meet and confer and **FILE** a joint case management statement for contemplated next steps in this matter no later than noon on February 17, 2026. The Court **SETS** a further case management conference for February 26, 2026, at 10:00 a.m.

**IT IS SO ORDERED.**

Dated: January 27, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**